| | | | |
|---|---|---|---|
| Case No. | **CV 18-9595-DMG (PJW)** | Date | December 6, 2018 |
| Title | *Celinda Vazquez v. Joe's Market, et al.* | Page | 1 of 3 |

Present: The Honorable **DOLLY M. GEE, UNITED STATES DISTRICT JUDGE**

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE TRANSFERRED TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

Plaintiff Celinda Vazquez filed her Complaint against Defendants Joe's Market, Nageeb Alnagar, and Halma Alnagar on November 14, 2018. [Doc. # 1 ("Complaint").] The Complaint seeks money damages and injunctive relief under the Americans with Disabilities Act and California's Unruh Civil Rights Act. Compl. at ¶¶ 28-37. Plaintiff alleges that Defendants failed to provide parking spaces accessible to disabled persons like herself at their business, Joe's Market. *Id.* at ¶¶ 11-27.

The Complaint asserts that venue is proper in the Central District of California because "the real property which is the subject of this action is located in this district and because Plaintiff's causes of action arose in this district." *Id.* at ¶ 10. The Court's review of the Complaint, however, indicates otherwise. Plaintiff does not specify where Defendants Nageeb or Halma Alnagar reside. *Id.* at ¶¶ 1, 3-7. The Complaint does state, however, that Joe's Market, where all the events giving rise to her causes of action took place, is located at 95 MacDonald Ave., Richmond, California 94801. Richmond is located in Contra Costa County, which is within the jurisdiction of the Northern District of California. *Id.* at ¶¶ 11-27.

Federal venue law provides that a civil action may be brought in –

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The Court has authority on its own motion to decide the venue issue and to dismiss the action before a responsive pleading is filed. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).

Plaintiff is hereby **ORDERED TO SHOW CAUSE** why this action should not be transferred to the United States District Court for the Northern District of California for the convenience of the parties and witnesses, and in the interest of justice. *See* 28 U.S.C. §§ 124(a), 1404(a). All factual matters relied upon in Plaintiff's submissions must be supported by appropriate declarations and admissible evidence. To assist the Court in determining whether transfer is appropriate and in the interest of justice, Plaintiff is directed to address the following, in addition to sharing their beliefs as to which forum is more convenient for the parties and witnesses:

(1) Whether this action could have been brought in the Northern District of California;

(2) Whether venue is appropriate in the Northern District of California;

(3) What contacts, if any, each of the parties has to the Central District of California and to the Northern District of California. Plaintiff should include information regarding the location of the parties' real property, sources of revenue, and points of public contact;

(4) What connection Plaintiff's causes of action have to the Central District of California and to the Northern District of California;

(5) Which witnesses are expected to be called and where they reside;

(6) The availability of compulsory process to compel attendance of unwilling non-party witnesses in the Central District of California as compared to the Northern District of California

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 18-9595-DMG (PJW)** | Date | December 6, 2018 |
|---|---|---|---|
| Title | ***Celinda Vazquez v. Joe's Market, et al.*** | Page | 3 of 3 |

(7) The ease of access to sources of proof in each of the two forums;

(8) The expected difference in the cost of litigation in the Central District of California as compared to the Northern District of California; and

(9) Whether there are any alternative forums, other than the Central District of California or the Northern District of California, that would be more convenient for this action and why, keeping in mind the inquiries above.

Plaintiff shall file a written response to this Order, not to exceed 10 pages, no later than **December 20, 2018**. Plaintiff is ordered to personally serve a copy of this Order on any defendant that has already been served with the Complaint within three (3) court days of the date of this Order or at the time of service for any defendant that has not already been served. Failure to timely respond to this Order may result in the dismissal of this action without prejudice.

**IT IS SO ORDERED.**